IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  06-cv-00717-WYD-BNB

BYRON SMITH,

    Plaintiff,

v.

 THE AMERICAN ALPINE CLUB,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

Pursuant to Rule 26(c) of the Federal Rules of Procedure and agreement of the parties:

**IT IS ORDERED THAT:**

1.    The parties have disclosed or will disclose witnesses, documents and/or information which necessitates the use of a protective order because such witness information, documents or other information relative to this lawsuit concerns information that they may deem, in good faith, to be confidential.

2.    Defendant has requested Plaintiff to waive the Non-Disclosure / Confidentiality Agreements he has with members of Plaintiff's Expedition to Mount Everest in 2000, so that members of the Expedition may speak with Defendant's counsel and provide deposition testimony.

3. Plaintiff's counsel anticipates that the Plaintiff will be providing personal and business financial information regarding Plaintiff's finances and businesses.

4. Any documents subject to this Protective Order will be marked "Subject to Protective Order" or "Confidential."

5. The parties agree that the confidential material will only be used for purposes of this litigation and may be provided only to the following persons in connection with their duties associated with this litigation:

   a. Attorneys of record in this action and their partners or associate attorneys;

   b. Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

   c. Defendant's insurance carrier representatives;

   d. Parties to this litigation;

   e. Any independent expert, consultant or similar person who has been retained by a party or counsel to provide assistance, expert advice, technical consultation or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action.

   f. This Court; and;

   g. Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action.

6. The parties have agreed to the following terms in the Motion for Stipulated Protective Order as follows:

      a.     The present Non-Disclosure / Confidentiality Agreements prohibit Expedition members from speaking to counsel for Defendant or providing deposition testimony;

      b.     This Protective Order permits Expedition members to talk to counsel of record in this case and give deposition testimony;

      c.     Defendant's counsel has the right to disclose any information obtained pursuant to this Protective Order to its client, the American Alpine Club, and its insurance company representatives and any experts retained, provided that they have first agreed to be bound to the conditions of the stipulated protective order;

      d.     The information obtained and testimony provided pursuant to this Protective Order will not be disclosed to any other persons and will only be used for purposes of this litigation;

      e.     Counsel of record may disclose this Protective Order to Expedition members so that they know they can speak with counsel, and provide testimony as part of this case.

7.     Documents provided by the parties may be marked confidential and shall not be filed with the clerk except when required in connection with motions under Federal Rules of Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion. A party contemplating filing material subject to this Protective Order with the Court shall also comply with the provisions of D.C. Colo. L.Civ.R. 7.2 by filing an appropriate motion with this Court requesting that the materials be filed under seal. Any materials submitted in

connection with such a submission shall be submitted in compliance with the provisions of D.C. Colo.LCiv.R 7.3. ~~Any materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court~~.

8. Upon termination of this litigation, all originals and copies of the documents produced by the parties under this Stipulated Protective Order shall be returned to the producing party or destroyed.

9. All working papers or other documents in the possession, custody or control of the parties' counsel relating to the information derived from documents covered by the Protective Order shall be kept confidential by each party's counsel and ultimately destroyed.

10. Nothing contained in this Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

11. Whenever a deposition involves the disclosure of material subject to this Protective Order, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after the transcript is received by providing written notice of the designation within 30 days after notice by the court reporter of the completion of the transcript.  The cover page and those portions of the original transcripts that contain confidential material, shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript.  Any deposition exhibits designated confidential shall also be bound separately.

12. The parties agree that dissemination of these documents and/or information is limited by the terms of this Stipulated Protective Order.

13. The parties agree that prior to designating documents as Confidential Information, the party designating the document will review the information and only designate if there is a good faith belief that the information is confidential or otherwise entitled to protection.

14. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is filed within 20 business days of the notice, the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. However, the parties agree that personal financial information is Confidential Information.

15. The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this Stipulated Protective Order. The parties agree, however, that the Order shall remain in effect until further notice is received from the Court.

16. Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

SO ORDERED.

Dated November 15, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

NATHAN, BREMER, DUMM & MYERS, P.C.

s/ Mark Macy, Esq.

_____
MARK E. MACY, ESQ.
ALLYSON C. HODGES, ESQ.
3800 E. Mexico, Suite 1000
Denver, CO  80210
(303) 691-3737
(303) 757-5106
*Attorneys for American Alpine Club*

HALE FRIESEN, LLP

s/ David Seserman, Esq.

_____
DAVID B. SESERMAN, ESQ.
1430 Wynkoop Street, Suite 300
Denver, CO  80202
Tel: (720) 904-6000
Fax: (720) 904-6006
*Attorney for Plaintiff*