IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00717-WYD-BNB

BYRON SMITH,

Plaintiff,

v.

THE AMERICAN ALPINE CLUB,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendant's **Motion to Dismiss for Failure to Prosecute, or Failure to Comply with Rules or Court Orders, Pursuant to Fed.R.Civ.P. 41(b)** [Doc. #37, filed 12/4/2006] (the "Motion to Dismiss"). I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed with prejudice.

### BACKGROUND[1]

1. This case was removed from the Jefferson County District Court on April 17, 2006. A Scheduling Order was entered on June 6, 2006 [Doc. #7].

2. The defendant served Interrogatories and Requests for Production of Documents to the plaintiff on July 7, 2006. The plaintiff requested and received an extension of time to and including September 6, 2006, to respond to Defendant's Interrogatories and Requests for Production of Documents [Doc. #21].

---

[1] The plaintiff did not respond to the Motion. The background facts are taken from the Motion and from the record.

3. In late September 2006, the plaintiff provided non-responsive and incomplete answers to the majority of the Defendant's Interrogatories and Requests for Production of Documents.

4. On October 5, 2006, defendant's counsel and plaintiff's counsel discussed plaintiff's responses over the telephone. Counsel agreed to set plaintiff's deposition for November 7, 2006. Defendant's counsel requested that plaintiff provide complete responses to Defendant's Interrogatories and Requests for Production of Documents before October 24, 2006, to allow defendant's counsel time to prepare for the plaintiff's deposition.

5. On October 10, 2006, counsel for the defendant sent to plaintiff's counsel a letter confirming the telephone conference and specifically identifying each discovery response that he perceived to be inadequate and the reasons why the responses were inadequate.

6. The plaintiff did not supplement his answers to Defendant's Interrogatories and Requests for Production of Documents. The defendant filed a Motion to Compel responses to the discovery on October 25, 2006.

7. On October 27, 2006, I ordered the plaintiff to respond to the Motion to Compel on or before November 15, 2006, and I set the matter for hearing on November 17, 2006 [Doc. #25]. The plaintiff did not file a response to the Motion to Compel.

8. The plaintiff's counsel filed a Motion to Withdraw on November 15, 2006 [Doc. #30).[2]

9. At the hearing, I found that the information requested by the defendant was relevant and that the plaintiff's responses were inadequate, and I granted the Motion to Compel. I ordered

---

[2]The plaintiff was informed that he had a right to object to the withdrawal of his attorney, but he did not file any objections. I permitted plaintiff's counsel to withdraw on December 6, 2006 [Doc. #38].

the plaintiff to provide full responses to Interrogatories 4, 5, 6, 7, 8, 9, 10, 11, 12 19, 20, and 21, and to produce all documents responsive to Production Requests No. 2, 3, 4, 5, 6, 12, 13, 15, 16, and 17 on or before December 1, 2006 [Doc. #35]. I also granted the defendant's request to extend the time to designate expert witnesses to January 31, 2007, in order to allow the defendant time to receive the supplemental discovery.

10. The parties originally set the plaintiff's deposition for November 7, 2006. On November 2, 2006, plaintiff's counsel emailed defendant's counsel and indicated that the deposition would not go forward, in part because plaintiff's counsel had been unable to provide the supplemental discovery responses. On November 10, 2006, defense counsel received another email stating that the deposition would not go forward because the plaintiff had not completed his supplemental discovery responses. Plaintiff's counsel indicated that he would not be available to reschedule plaintiff's deposition until December 21, 2006.

11. After the hearing on November 17, 2006, defendant's counsel indicated that he needed to schedule the plaintiff's deposition soon, given the Court's rulings and deadlines. Plaintiff's counsel indicated that he had been unable to reach his client to discuss these issues.

12. Defendant's counsel informed plaintiff's counsel that he intended to schedule the plaintiff's deposition for December 14, 2006. Defendant's counsel served a Notice of Deposition on both plaintiff's counsel and the plaintiff directly, by Federal Express and by email.

13. As of December 4, 2006, the date the defendant filed this Motion, the plaintiff had not provided the supplemental discovery. The defendant asserts that it cannot meaningfully depose the plaintiff without the requested information. The defendant further asserts that, because the plaintiff has not provided the supplemental discovery, it has no information regarding

the plaintiff's claimed damages and losses, and therefore, it does not have any information to provide its experts so they can prepare their opinions and reports in accordance with Rule 26(a)(2), Fed.R.Civ.P., and in accordance with the January 31, 2007, deadline.

The defendant seeks dismissal of the Complaint pursuant to Rule 41(b), Fed.R.Civ.P. Rule 41(b) provides for dismissal of a case for failure to prosecute, failure to comply with court rules, or failure to comply with any order of the court. See also Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002). Before imposing dismissal as a sanction, however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). The circuit court also acknowledged in Ehrenhaus that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the defendant has suffered substantial prejudice caused by the plaintiff's failure to provide the requested responses to Defendant's Interrogatories and Requests for Documents. The defendant has not been able to depose the plaintiff, nor has it been able to provide any pertinent information to its experts. In short, the plaintiff's behavior has substantially hindered the defendant's ability to prepare its defense.

4

Moreover, the plaintiff's behavior has substantially interfered with the judicial process. The defendant has had to incur the expense of filing motions for extensions of time, a Motion to Compel, and a Motion to Dismiss. These motions have resulted in additional work for the Court. Instead of moving this case forward on its merits, I am forced to address the plaintiff's failure to provide relevant and necessary information to the defendant.

The plaintiff is obviously culpable. He provided inadequate responses to the defendant's discovery requests, and he has completely ignored the defendant's requests for supplemental responses and my order to provide full responses. In addition, he has ignored my orders to respond to the defendant's Motion to Compel [Doc. #25] and Motion to Dismiss [Doc. #41].

Although the plaintiff has not been informed by the Court that dismissal is a likely sanction for his behavior, the defendant's Motion to Dismiss made clear that dismissal is an available sanction and was being sought here. Instead of opposing the Motion to Dismiss, the plaintiff ignored it. Based on the plaintiff's failure to respond to the Motion to Dismiss, the Motion to Compel, and my orders, it is apparent that an additional warning by the court regarding the possible sanction of dismissal would not have altered the plaintiff's behavior.

Finally, I find that a sanction less than dismissal with prejudice would not be effective. The plaintiff has willfully ignored his obligation to provide to the defendants with required discovery, and he has ignored my orders.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's repeated failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with orders of this Court, outweigh the judicial system's strong predisposition to resolve cases on the merits.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to prosecute and his failure to comply with the Federal Rules of Civil Procedure and with my orders.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 2, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge